UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 17-244 |
| THADDEUS CARTER | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 282)** filed by Defendant, Thaddeus Carter, and an opposition thereto (Rec. Doc. 285) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Carter's motion is **DENIED as premature.**

## FACTS AND PROCEDURAL BACKGROUND

On January 9, 2020 Carter was sentenced by this Court to 75 months imprisonment after pleading guilty to conspiracy to distribute and possess with the intent to distribute one hundred grams or more of heroin. (Rec. Doc. 272). Carter is currently incarcerated at Beaumont Low FCI with a projected released date of April 17, 2023. On April 30, 2020, the Court received Carter's present motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Carter cites the prevalence of Covid-19 throughout the federal prison system writ large, as well as alleged medical issues placing him in a high-risk category for Covid-19, as the basis for his release.[1]

---

[1] Defendant claims he has asthma and bronchitis. (Rec. Doc. 282 at 3).

## DISCUSSION

If "extraordinary and compelling reasons exist," a district court has the authority to reduce a prisoner's sentence via compassionate release. § 3582(c)(1)(A). Before hearing the merits of a prisoner's compassionate release motion, however, a prisoner must first meet certain procedural requirements. Specifically, a district court may only entertain a compassionate release motion if it is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Although the Court recognizes that a minority of district courts, primarily in the Second Circuit, have found these requirements to be waivable by the sentencing court, this Court agrees with the position taken by other sections of the Eastern District of Louisiana, i.e. that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief. *See United States v. Calogero*, No. 18-203 "R" (E.D. La. Apr. 14, 2020) (Vance, J.), ECF No. 74, at 2-3 (compassionate release inappropriate because 30 days had not passed since defendant's warden received his request, and he had not exhausted administrative remedies); *United States v. James*, No. 13-84 "G" (E.D. La. Apr. 16, 2020) (Brown, J.), ECF No. 95, at 12 (denying compassionate release for failure to exhaust administrative remedies and observing that"[t]his Court agrees with the overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any

exceptions") (citing cases); *United States v. Celestine*, No. 18-83 "H" (E.D. La. Apr. 13, 2020) (Milazzo, J.), ECF No. 133, at 3 ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the FSA.").

Here, Carter has attempted to satisfy his exhaustion requirements by citing a letter written by one of his fellow inmates, Terrence Brown (Rec. Doc. 282 at 7). Brown wrote F.J. Garrido, Warden at FCI Beaumont Low, a letter asking Garrido to file compassionate release motions on behalf of himself and "similarly situated inmates." *Id.*[2] Carter asserts that Brown's request began the 30-day clock for only Brown, but for all other defendants at FCI Beaumont Low, including Carter.

The plain language of § 3582(c)(1)(A) defeats Carter's argument. The statute states that "a defendant" must exhaust his BOP remedies or request a motion from the warden, not a defendant or another similarly situated. 18 § 3582(c)(1)(A); *see United States v. Brass*, 2020 WL 2043884, at *1 (W.D. La. Apr. 28, 2020) (finding that the very same Terrance Brown letter at issue in this case was insufficient to establish exhaustion for another FCI Beaumont Low inmate). The Court further notes that although 5382(d)(2)(B) provides an avenue for others to request the warden file a motion for compassionate release on behalf of a defendant who cannot do so himself, that ability is limited to family members, partners, or counsel. "Fellow inmate" is noticeably absent from the list. Furthermore, 5382(d)(2)(B) may only be

---

[2] Specifically, Brown purports to bring his request on behalf of all inmates near 50 years of age, who have a pre-existing medical condition and who are serving sentences for non-violent crimes and have served a substantial portion of their sentences.

3

utilized when a defendant is "physically or mentally unable" to file his own request for compassionate release. As evidenced by his present motion before the Court, Carter is quite clearly physically and mentally capable of personally requesting the warden to file a motion on his behalf.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 282)** is **DENIED** without prejudice as premature.

New Orleans, Louisiana, this 29th day of May, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE